IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-87-BO-BM

| | |
|---|---|
| INDIA K. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| PNC BANK N.A., ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motions to dismiss plaintiff's complaint and partial motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE 12]; [DE 16]. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition. For the reasons that follow, the motion to dismiss plaintiff's complaint is denied as moot and the partial motion to dismiss the amended complaint is granted.

## BACKGROUND

Plaintiff commenced this action by filing a complaint on June 17, 2024, against defendant alleging claims under Title VII of the Civil Rights Act of 1964 for disparate treatment and harassment/assault based on plaintiff's race and color. [DE 1]. Plaintiff alleges that she is an African-American citizen who was employed by defendant as a lead teller for eight months prior to being forced to resign on December 1, 2023. She filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 5, 2024, and she received notice of her rights to sue on March 25, 2024. *Id.*

Defendant appeared and filed a motion to dismiss. [DE 12]. Thereafter, plaintiff filed an amended complaint. [DE 14]. In her amended complaint, plaintiff alleges additional facts regarding her employment and the alleged discriminatory practices of defendant. Defendant has filed a motion seeking partial dismissal of plaintiff's amended complaint. [DE 16]. Specifically, defendant seeks to dismiss plaintiff's disparate treatment claim as non-exhausted.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

At the outset, in light of the filing of an amended complaint, defendant's motion to dismiss the original complaint is denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

A party is required to first file a charge of discrimination with the EEOC prior to bringing a lawsuit in court, and the scope of a plaintiff's lawsuit is determined by the EEOC charge's contents. *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014); *Bryant v. Bell Atl.*

*Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Any allegations or claims of discrimination outside the scope of the EEOC charge are deficient for failure to exhaust administrative remedies. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [] lawsuit." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Thus, where the administrative charge alleges one type of discriminatory practice but the complaint alleges another type, the type of discriminatory practice alleged in the complaint is typically barred. *Chacko*, 429 F.3d at 509.

Here, plaintiff's EEOC charge identifies harassment and a hostile work environment which resulted in plaintiff feeling she had no choice but to end her employment with defendant. [DE 16-2]. Her charge does not identify disparate treatment as a basis for discrimination. In her amended complaint, plaintiff alleges disparate treatment based upon defendant's alleged incidents of refusal to train, changing her schedule, discipline, and the denial of leave. Plaintiff's disparate treatment claim was not stated in her initial charge nor is it reasonably related to the harassment plaintiff did identify in her charge.

In response, plaintiff argues that the EEOC interviewer caused her to limit her claims in her charge and that she included her grounds for disparate treatment in her conversations with the EEOC. But this Court may only consider what is actually contained in the administrative charge, not the contents of any conversations or prefiling documents. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407-09 (4th Cir. 2013); *Rios v. City of Raleigh*, No. 5:19-CV-00532-M, 2020 WL 5603923, at *6 (E.D.N.C. Sept. 18, 2020). Moreover, if plaintiff's charge did not include all of the claims she wished to allege, she was not required to proceed with that charge. *See Brown v.*

*Univ. of N. Carolina Health Care Sys.*, No. 1:20-CV-0086, 2021 WL 512222, at *8 (M.D.N.C. Feb. 11, 2021) ("While one can appreciate that the EEOC composed the charge on behalf of Brown and that the charge was based upon her initial inquiry, Brown was not required to sign a charge that did not fairly represent her claims.").

Plaintiff has thus failed to exhaust her disparate treatment claims, and they are properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss the original complaint [DE 12] is DENIED AS MOOT. Defendant's partial motion to dismiss the amended complaint [DE 16] is GRANTED. Plaintiff's disparate treatment claims are DISMISSED with prejudice.

SO ORDERED, this **3** day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE