IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-87-BO-BM

| | | |
|---|---|---|
| INDIA K. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PNC BANK N.A., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's second amended complaint. [DE 37]. Plaintiff has responded, defendant has replied, and in this posture the motion is ripe for disposition. For the reasons that follow, defendant's motion is granted in part and denied in part.

BACKGROUND

In her second amended complaint, plaintiff, proceeding *pro se*, alleges four claims for relief: race discrimination – hostile work environment/harassment in violation of Title VII, color discrimination – hostile work environment/harassment in violation of Title VII, violation of North Carolina's Equal Employment Practices Act (NCEEPA), and intentional infliction of emotional distress. Defendant seeks to dismiss plaintiff's second amended complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that plaintiff has filed an impermissible shotgun pleading and that plaintiff has otherwise failed to state a claim under the NCEEPA or a claim for intentional infliction of emotional distress. Plaintiff argues in opposition that her pleading is not a shotgun pleading and that she has alleged plausible claims for relief.

Plaintiff's allegations in her second amended complaint can be fairly summarized as follows. Plaintiff, who is Black, was hired as a Teller Lead with defendant at the Roanoke Rapids, North Carolina branch in April 2023. Plaintiff alleges that she received less training than similarly situated white employees, that another employee of defendant, Briley, subjected plaintiff to stricter scrutiny than white coworkers, that plaintiff was denied promotional opportunities, that her leave requests were denied, and that she was falsely placed under investigation. Plaintiff further alleges that Briley referred to her as "ghetto" and ridiculed plaintiff in front of her co-workers, making inappropriate comments about race, color, gender, disability, and gender identity and otherwise encouraging a hostile work environment. Briley allowed customers to refer to plaintiff as "the Black one," placed a decoration at plaintiff's workstation while admitting she felt racist doing it, and that racial slurs were used in conversations at work. Briley was allegedly openly vocal about wanting plaintiff to be fired and assaulted plaintiff by throwing an industrial roll of tape at her head.

DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss,

2

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

Defendant first argues that plaintiff's second amended complaint constitutes an impermissible shotgun pleading. "A shotgun pleading is one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of act are intended to support which claim for relief." *Wilkinson v. Wells Fargo Bank, N.A.*, No. 3:19-cv-000580, 2020 WL 2542867, at *3 (W.D.N.C. May 18, 2020) (unpublished) (internal quotation marks and citation omitted). *Pro se* complaints with shotgun pleading warrant dismissal. *See, e.g.*, *McCrea v. Wells Fargo*, No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. Jun. 17, 2019) (unpublished). Defendant contends that plaintiff's second amended complaint qualifies as a shotgun pleading because she has pleaded several causes of action, each of which "adopts the allegations of all preceding counts." *Doe v. Wyndham Hotels & Resorts, Inc.*, No 2:24-CV-204, 2025 WL 725268, at *10 (E.D. Va. Mar. 6, 2025) (citation omitted).

The Court has considered the allegations and finds that the second amended complaint is sufficient to put defendant on fair notice of the claims against it and the facts on which the claims

3

rest. The Court will not dismiss plaintiff's complaint as an impermissible shotgun pleading. Defendant has not sought to dismiss plaintiff's claims under Title VII on any other ground, and thus these claims will proceed.

Defendant has sought to dismiss plaintiff's NCEEPA and intentional infliction of emotional distress claim for failure to state a claim for relief. The NCEEPA provides that "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgment on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees." N.C. Gen. Stat. § 143-422.2(a). NCEEPA itself, however, does not support a private right of action. *See McLean v. Patten Communities, Inc.*, 332 F.3d 714, 719 (4th Cir. 2003) ("absent a clear indication from the North Carolina courts or legislature it would be inappropriate for a federal court to create a private right of action under § 143-422.2." (cleaned up, citation omitted)). Plaintiff pleads only a direct claim under NCEEPA, and this claim is properly dismissed.

Plaintiff's intentional infliction of emotional distress claim is also properly dismissed. To prevail on a claim for intentional infliction of emotional distress (IIED), a plaintiff must show "(1) extreme and outrageous conduct; (2) which is intended to cause and does cause (3) severe emotional distress to another." *May v. City of Durham*, 136 N.C. App. 578, 586 (2000). "North Carolina courts have been particularly hesitant in finding intentional infliction of emotional distress claims actionable within an employment claim." *Jackson v. Blue Dolphin Commc'ns of N. Carolina, L.L.C.*, 226 F. Supp. 2d 785, 794 (W.D.N.C. 2002). "Further, under North Carolina law, acts of discrimination are not necessarily 'extreme and outrageous.'" *Id.; see also Ledford v. Daimler Trucks N. Am., LLC*, No. 321CV00055MOCDCK, 2021 WL 1316074, at *2 (W.D.N.C. Apr. 8, 2021)

4

Plaintiff has failed to plausibly allege a claim for intentional infliction of emotional distress in the employment context. She relies only on the allegations supporting her Title VII claim, but has failed to allege conduct which would support her claim given the "rigorous standard" under North Carolina law. *Thomas v. N. Telecom, Inc.*, 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000) (noting that even deplorable conduct will not rise to the level of extreme and outrageous under North Carolina law). Accordingly, this claim is dismissed.

## CONCLUSION

For the forgoing reasons, defendant's motion to dismiss [DE 37] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for violation of NCEEPA and intentional infliction of emotional distress are DISMISSED. Plaintiff's Title VII claims may proceed.

SO ORDERED. this *17* day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5