INDIA K. WILLIAMS,

         Plaintiff,

    v.

PNC BANK N.A.,

         Defendant.

**JOINT MOTION TO EXTEND
DISCOVERY DEADLINE**

Plaintiff India K. Williams, proceeding *pro se*, and Defendant PNC Bank, N.A., by and through its attorneys, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.1, respectfully submits this Joint Motion to Extend Discovery Deadline. In support of their motion, Plaintiff and Defendant state as follows:

1.    On November 25, 2025, the parties jointly filed a motion for entry of a confidentiality and qualified protective order, in anticipation that certain discovery would involve the exchange of confidential information. (ECF 42).

2.    On November 26, 2025, Defendant served its first set of interrogatories and first request for production of documents to Plaintiff. Among other things, Defendant requested that Plaintiff identify all health care providers whom she has seen for any condition that she claims to have suffered because of any action or omission by PNC. (Def's First Set of Interr. No. 13) (attached as Exhibit 1). Defendant also requested that Plaintiff produce all medical records pertaining to her alleged damages, and asked that she complete and execute a medical authorization for each health care providers so that Defendant could subpoena her records directly from her medical providers. (Def's First Req. for Prod. of Docs Nos. 9 and 10) (attached as Exhibit 2).

3. On December 5, 2025, the parties' Confidentiality and Qualified HIPAA Protective Order was approved by the Court. (ECF 43).

4. On March 3, 2026, Plaintiff served her answers and responses to Defendant's first set of discovery requests. Plaintiff did not identify her health care providers and only produced selected therapy bills and two prescriptions.

5. On May 28, 2026, Plaintiff's deposition was taken and, upon questioning, Plaintiff identified the name of her therapist and primary care doctor. During deposition, defense counsel asked Plaintiff to supplement her discovery responses with the name and contact information for her therapist and primary care doctor and Plaintiff voiced no objection.

6. On June 1, 2026, Plaintiff emailed defense counsel with a settlement demand, but Plaintiff did not supplement her discovery responses as requested.

7. Due to defense counsel's workload and a scheduled vacation, Defendant and defense counsel could not immediately respond to Plaintiff's settlement demand.

8. On June 18, 2026, defense counsel called Plaintiff to discuss settlement, as well as to discuss Plaintiff's Motion to Waive or Reduce Mediation Fees or, alternatively, Appointing a Court-Sponsored or Reduced-Cost Mediator, which had been referred to the Magistrate Judge Meyers on June 16, 2026.

9. Plaintiff and defense counsel agreed to file a Joint Motion for Extension of Time for Defendant to Respond to Plaintiff's Motion to Waive or Reduce Mediation Fees or, alternatively, Appointing a Court-Sponsored or Reduced-Cost Mediator, and agreed to continue settlement discussion. Defense counsel explained that Plaintiff would need to supplement her discovery responses by identifying the name and contact information for her medical providers (Interrogatory No. 13) and by producing her medical records (Requests for Production Nos. 9 and 10) so that defendant can evaluate her alleged emotional distress claim and make a counteroffer.

10.     Also, on June 18, 2026, after filing the joint motion for extension of time, defense counsel emailed Plaintiff to memorialize their phone call discussion in writing and again asked Plaintiff to supplement Interrogatory No. 13 and Requests for Production Nos. 9 and 10.  Defense counsel again asked Plaintiff to complete and execute a medical authorization for each health care providers so that Defendant could subpoena her records directly from her medical providers.

11.     On June 21, 2026, Plaintiff emailed defense counsel, identifying the name and contact information for her health care providers. Plaintiff also attached some records allegedly from her primary care doctor, but none of those records were taken during the time of Plaintiff's employment with PNC. Moreover, Plaintiff attached <u>no</u> records from her therapist.

12.     On June 25, 2026, defense counsel again emailed Plaintiff to discuss the deficiencies of her discovery responses and again asked her to complete and execute a medical authorization for each health care provider so that Defendant could subpoena her records directly from her medical providers.

13.     In response, Plaintiff emailed defense counsel stating that she is "uncomfortable authorizing the release of therapy notes and other highly personal mental health information that is unrelated to the issues in this case." Defense counsel responded and explained that one of the purposes of the parties' Confidentiality and HIPAA Protective Order is to provide privacy protections. However, to date, the  parties have yet to reach a resolution regarding this discovery matter.

14.     The current deadline for discovery is July 13, 2026. However, Plaintiff and Defendant require additional time to narrow and/or resolve their discovery disagreement regarding Plaintiff's medical records. Plaintiff and defense counsel also further agree that additional time will allow the parties time to continue engaging in good-faith discussions to resolve this matter.

15.     Accordingly, Plaintiff and Defendant seek a brief extension of 30 days, until August 12, 2026, for the close of discovery in this matter.  The parties also request that deadline for dispositive motion be extended to at least September 11, 2026.

16.     This joint motion is filed in good faith and prior to the expiration of the current discovery deadline. This joint motion is not intended to delay or obstruct the progress of this case.

WHEREFORE, Plaintiff and Defendant respectfully request that this Court grant this joint motion and extend the discovery deadline though and including August 12, 2026.

Dated: June 26, 2026

Respectfully submitted by,

By: */s/ India K. Williams*
    India K. Williams
    940 Gray Street
    Roanoke Rapids, NC 27870
    Telephone: (252) 676-0188
    Indiaboyd7@gmail.com

    *Pro Se Plaintiff*

By: */s/ Victoria S. Tolbert*
    Victoria S. Tolbert
    North Carolina State Bar No. 32945
    SEYFARTH SHAW LLP
    300 South Tryon Street, Suite 400
    Charlotte, North Carolina 28202
    Telephone: (704) 925-6042
    Facsimile:  (704) 559-2457
    vtolbert@seyfarth.com

    *Counsel for Defendant PNC, Bank, N.A.*

INDIA K. WILLIAMS,

        Plaintiff,

    v.

PNC BANK N.A.,

        Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed this **Joint Motion to Extend Discovery Deadline** with the Clerk of Court using the CM/ECF system, and served a copy of the same via US mail and email upon the following individual, who is proceeding *pro se*:

India K. Williams
940 Gray Street
Roanoke Rapids, NC 27870
indiaboyd7@gmail.com

Dated: June 26, 2026

/s/ *Victoria S. Tolbert*
Victoria S. Tolbert
*Attorney for Defendant PNC Bank, N.A.*